UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 4:12CV00158 AGF ) |
| BILL'S PILLS, INC., G&C HEALTHCARE, INC., and NORTH PORT PHARMACY, INC., | ) ) ) |
| Respondents. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Respondents' Motion to Dismiss Petition or Compel Arbitration (Doc. No. 14). Also pending is Petitioner's Motion to Stay Pending Collective Arbitration and to Compel Individual Arbitrations Pursuant to Individual Agreements to Arbitrate (Doc. No. 4). For the reasons set forth below, the Court will grant Respondents' motion to dismiss.

**Background**

On January 30, 2012, Petitioner Medicine Shoppe International, Inc. ("MSI") filed a Petition to Stay Pending Collective Arbitration and to Compel Individual Arbitrations Pursuant to Individual Agreements to Arbitrate. (Pet., Doc. No. 1) In the Petition, MSI contends that the three Respondents were party to separate franchise agreements with MSI, each containing a mandatory arbitration provision. (Pet. ¶¶ 11-12) Further, the

arbitration provision requires arbitration to be on an individual basis, not a class-wide basis. (Pet. ¶ 11) However, the three Respondents jointly filed a group arbitration demand against MSI with the Chicago office of JAMS, Inc. (Pet. ¶¶ 8-9; Pet. Ex. A 2, Doc. No. 1-1) MSI requested that Respondents withdraw said demand, and the Respondents declined, arguing that an arbitrator should determine whether Respondents may proceed with collective arbitration and that they are permitted to proceed collectively. (Pet. p. 2)

## **Discussion**

The issue now before the Court is whether this Court or an arbitrator should decide whether Respondents must proceed individually or may proceed jointly with respect to their arbitration agreements. In MSI's Motion, it argues that the Court, not an arbitrator, should make this determination. Noting that the United States Supreme Court has not yet decided this specific issue, MSI relies upon a district court case from the Eighth Circuit indicating that court has authority to decide the issue of collective arbitration. *See Mork v. Loram Maintenance of Way, Inc.,* ___ F. Supp. 2d ___, No. 11-2069, 2012 WL 38628 (D. Minn. Jan. 9, 2012).

Respondents, on the other hand, assert that whether the arbitration clause authorizes joinder is a procedural question for the arbitrator. Respondents rely on Supreme Court precedent which states, "'procedural questions, which grow out of the dispute and bear on its financial disposition' are presumptively *not* for the judge, but for an arbitrator, to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)

(quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964) (internal quotations omitted)). Additionally, Respondents contend that MSI previously agreed to submit questions of arbitrability to an arbitrator because the arbitration clause states, "[A]ll controversies, disputes or claims . . . shall be heard by a single arbitrator . . . under the auspices and then current rules applicable to arbitration of commercial disputes of . . . the Chicago, Illinois office of JAMS." (Pet. Ex. A, at Ex. B § XIV(D)(01), Doc. No. 1-1) Because the clause incorporates the JAMS rules, Respondents argue that the rule giving the Arbitrator "the authority to determine jurisdiction and arbitrability issues as a preliminary matter" binds the parties to submit arbitrability questions to an arbitrator. (Pet. Ex. A, at Ex. B § XIV(D), Doc. No. 1-1)

After thorough consideration of the motions and the briefs in support and opposition, the Court finds that the issue of whether the disputes may be arbitrated jointly is a procedural issue for the arbitrator and not the Court. Therefore, the Court will grant the Respondents' Motion to Dismiss.

Respondents correctly note that whether the underlying dispute is arbitrable is not in question. Instead, the question is whether the parties can join together to have their grievances resolved in a single or in multiple proceedings, which is procedural in nature. In *Howsam*, the Supreme Court noted that, "a gateway dispute about whether the parties are bound by a given arbitration clause raises a 'question of arbitrability' for courts to decide." 573 U.S. at 84 (2002). However, as stated above, procedural questions growing out of the dispute and bearing on its final determination are not for a judge, but for an

arbitrator, to decide. *Id.* (citation omitted).

Of course, the starting point for any determination regarding arbitrability is the agreement of the parties. *Stolt-Nielsen S.A. v. Animal Fees Int'l Corp.*, 130 S.Ct. 1758, 1774 (2010) (noting the Court must "give effect to the contractual rights and expectations of the parties") (citation omitted). The parties acknowledge that no agreement exists regarding whether a court or an arbitrator should decide the propriety of joining or consolidating claims in arbitration. Petitioner contends that the joinder issue is a gateway issue for courts to decide under *Stolt-Nielsen*. In that case, the Supreme Court held that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Id.* at 1775. The Court reasoned that an arbitrator may not infer an implicit agreement for class-action arbitration because "class-action arbitration changes the nature of the arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator." *Id.*

From a review of the agreements at issue, however, the Court is not persuaded that the clause in the agreements stating that "the arbitration shall be conducted on an individual, not a class-wide basis" necessarily precludes joint proceedings. The arbitration action filed is not a class action, and seeks to present each franchisee's claims as an individual; Respondents simply seek to do so in a consolidated proceeding. While class arbitration may be included among the gateway issues for courts to decide under *Stolt-Nielsen*, "joinder and consolidation remain distinct procedural issues of the sort

parties would intend for the arbitrator to decide." *Safra Nat'l Bank of New York v. Penfold Inv. Trading, Ltd.*, No. 10 Civ. 8255(RWS), 2011 WL 1672467, at *5 (S.D.N.Y. April 20, 2011). *See also Delta Mine Holding Co. v. AFC Coal Props., Inc.*, 280 F.3d 815, 823 (8th Cir. 2001) (upholding the consolidation of two separate arbitrations as "well within [the arbitrators'] procedural discretion."). The concerns pertaining to class arbitration do not apply to consolidation proceedings where only three claimants are asserting their individual claims in the underlying arbitration. *Safra Nat'l Bank,* 2011 WL 1672467, at *5 (citing *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 462, 477-78 (S.D.N.Y. 2010)).

The First Circuit Court of Appeals relied on *Howsam* to address an issue similar to the issue in the present litigation. In *Shaw's Supermarkets, Inc. v. United Food and Commercial Workers Union, Local 791, AFL-CIO*, 321 F.3d 251 (1st Cir. 2003), the court held that the determination whether to consolidate grievances should be resolved by an arbitrator, reasoning that "[s]ince each of the three grievances is itself concededly arbitrable, we think the answer is clear . . . this is a procedural matter for the arbitrator." *Id.* at 254 (citing *Howsam,* 537 U.S. 79). The court found that the parties had "crossed the arbitrability threshold by signing valid agreements to arbitrate the subject matter of the dispute. Under the three CBA's, each of the grievances individually is arbitrable." *Id.* Because there was no question as to whether the parties had agreed to arbitrate, the court held that the arbitrator should decide the consolidation issue, reasoning that, "[l]eaving the decision whether to consolidate the three proceedings in the hands of the

arbitrator comports with long-standing precedent resolving ambiguities regarding the scope of arbitration in favor of arbitrability." *Id.*

Although MSI contends that the issue of collective or joint arbitration is substantive, and not procedural, the *Shaw's Supermarket* court disagreed, noting that a procedural ruling could implicate substantive issues as well. *Id.* at 255. However, any arguments against arbitration should be presented to the arbitrator and not the courts. *Id.* at 255; *see also Employers Ins. Co. of Wausau v. Century Indem. Co.*, 443 F.3d 573, 581 (7th Cir. 2006) (holding that consolidation is a procedural issue for the arbitrator to decide).

In response, MSI argues that this Court should rely on a case from the District Court of Minnesota. In *Mork*, 2012 WL 38628, at *2, the district court held that the court, not the arbitrator, should resolve whether collective class arbitration is permitted. At the outset, the *Mork* court noted that the parties agreed that the Court "should consider and resolve whether collective arbitration is permissible." *Id.* Nonetheless, the *Mork* court relied on an Eighth Circuit case to explain that the question of whether a case could proceed with collective class arbitration was appropriate for judicial determination, rather than determination by the arbitrators. *Id.* (citing *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 728-29 (8th Cir. 2001)). But at issue in *Mork* was a collective class action under the Fair Labor Standards Act ("FLSA"). Though an opt-in rather than an opt-out class action, a class proceeding of this sort is much more akin to the type of class action at issue in *Stolt-Nielsen*, 130 S.Ct. at 1775 (holding that silence in arbitration

agreement is not alone sufficient to evidence an agreement to arbitrate on a class-wide basis).

Moreover, there is nothing in the *Dominium* case, on which the *Mork* decision relies, to suggest that the parties in that case raised the question of *who* should decide (whether the court or the arbitrators) whether class arbitration was permissible. The Eighth Circuit Court of Appeals merely found that the lower court "did not err by compelling appellants to submit their claims to arbitration as individuals." *Dominium*, 248 F.3d at 728-29. Neither the *Mork* case nor the *Dominium* case requires this Court to determine the issue of whether arbitration may proceed on a consolidated basis.

Further, Petitioner's argument appears to be contrary to Supreme Court precedent. *See Howsam*, 573 U.S. at 84 (holding that procedural questions growing out of a dispute and bearing on final determination are for the arbitrator to decide). The three Respondents in this case seek jointly to assert their individual claims for breach of contract and breach of implied covenant of good faith and fair dealing. (Pet. Ex. A 10-39, Doc. No. 1-1) Joinder and consolidation are clearly procedural issues. *See Safra Nat'l Bank*, 2011 WL 1672467, at *5. As such, they are questions for the arbitrator to decide. *Id*. Thus, the Court finds that it lacks subject-matter jurisdiction over MSI's petition, and the case will be dismissed under Fed. R. Civ. P. 12(b)(1).[1]

---

[1] In light of this Court's ruling, it is unnecessary to address Respondents' second argument that the parties agreed to submit the question to the arbitrator.

Accordingly,

**IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss Petition or Compel Arbitration (Doc. No. 14) is **GRANTED**, and the Petition is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Medicine Shoppe International, Inc.'s Motion to Stay Pending Collective Arbitration and to Compel Individual Arbitrations Pursuant to Individual Agreements to Arbitrate (Doc. No. 4) is **DENIED**.

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2012.